United States District Court
Southern District of Texas
**ENTERED**
June 08, 2021
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| CHRISTOPHER and MARNIE KONRAD, Plaintiffs, | § § § § § § § | CIVIL ACTION NO. 4:20-cv-00224 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| SELENE FINANCE LP, and UNITED STATES BANK TRUST NATIONAL ASSOCIATION, Defendants. | § § § § § § § § | |

## Opinion and Order
## Granting Motion for Summary Judgment

The motion for summary judgment by Defendants Selene Finance, LP and United States Bank Trust National Association, as owner trustee for VRMTG Asset Trust, is granted. The motion in the alternative for judgment on the pleadings is denied as moot. Dkt 9.

1. Background

Plaintiff Christopher Konrad obtained a mortgage loan in October 2012. Dkt 9-2 at 1. The original lender was Everett Financial, Inc, doing business as Supreme Lending. Mr. Konrad executed and delivered a promissory note made payable to Everett in exchange for the loan. The note required him to pay Everett $263,700.00 plus an annual interest rate of 3.625% in monthly installments of $1,201.61. Id at 1–3.

The debt was simultaneously secured by a deed of trust executed by Mr. Konrad and his wife, Plaintiff Marnie Konrad, in favor of Bank of America. Dkt 9-3; see also Dkt 1-4 at 4. That deed of trust is recorded in the real property records of Fort Bend County, Texas. Dkt 1-4 at 4; see Dkt 9-3. It was later assigned to VRMTG Asset Trust, the current mortgagee. Dkt 9-4. Selene services the mortgage loan for VRMTG. Dkt 9-1 at 1.

Defendants assert that no installment payments have been made since October 1, 2016. Dkt 9-1 at ¶ 6 (declaration of Selene litigation specialist). They attach a notice of default sent to Mr. Konrad on August 7, 2018. Dkt 9-5. Selene then sent notices of foreclosure and acceleration to both Plaintiffs on November 12, 2019. Dkt 1-4 at 13–22. The notices stated that Plaintiffs' home was to be sold at auction to the highest bidder on January 7, 2020. Id at 15, 21. Plaintiffs concede that the mortgage loan is in default. See Dkt 12 at 2. But they allege that they "were under consideration for a loan modification with Selene" when they received the notices of foreclosure. Id at 4. They provide no evidence of any application materials submitted in this regard.

Plaintiffs brought action in Texas state court on January 6, 2020, claiming that Defendants violated the regulatory prohibition against what's known as *dual tracking*, as explained below. See Dkt 1-4 at 4–5, citing 12 CFR § 1024.41(g). They seek a permanent injunction, declaratory relief, and attorney fees. Dkt 1-4 at 5, 7. They also initially sought an *ex parte* temporary restraining order and temporary injunction. Id at 6–7, citing Tex Civ Prac & Rem Code § 65.011. The state court issued a TRO on January 7, 2020 preventing the foreclosure, while also setting the temporary injunction for hearing on January 22, 2020. Dkt 1-5. Defendants answered. Dkt 1-9. They then removed the action on January 21, 2020 based on both federal-question and diversity jurisdiction under 28 USC §§ 1331, 1332, and 1441. Dkt 1.

Plaintiffs requested to amend their complaint at the initial conference and leave was granted to make such filing by April 15, 2020. See Minute Entry of 03/05/2020. Plaintiffs never made such filing. Defendants moved for judgment on the pleadings and summary judgment in November 2020. Dkt 9.

2. Legal standard

The motion purports to seek relief under both of Rules 12(c) and Rule 56(a) of the Federal Rules of Civil Procedure. A respected treatise on federal procedure notes that it's "well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1371 (West 3d ed June 2021 update); see also *Van Duzer v United States Bank NA*, 995 F Supp 2d 673, 684 (SD Tex 2014) (citing same), affd, 582 F Appx 279 (5th Cir 2014, *per curiam*). The parties here cite to evidence outside the pleadings. See Dkts 9, 12. As such, the motion will be addressed only as one for summary judgment.

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics, Inc v Oregon Cardio-Devices, Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles, LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986) (citations omitted). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

    3.    Analysis

Plaintiffs assert a single legal claim under Regulation X, a regulation promulgated by the Department of Housing and Urban Development to implement the Real Estate Settlement Procedures Act, 12 USC § 2601 *et seq*. Dkt 1-4 at 4–5; see *Moreno v Summit Mortgage Corp*, 364 F3d 574, 576 (5th Cir 2004) (citations omitted). They also previously obtained an *ex parte* temporary restraining order pursuant to Texas substantive law. See Dkt 1-5. They further seek declaratory relief and a permanent injunction. See Dkt 1-4 at 7–8.

    a.    Claim under Regulation X

Federal regulation of mortgage loan servicing under RESPA provides for a private right of action if a lender violates the prohibition against what's known as *dual tracking*. See 12 CFR § 1024.41(a). That is the term "given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v Wells Fargo Bank, NA*, 642 F Appx 355, 359 (5th Cir 2016, *per curiam*) (citation omitted).

The regulatory prohibition is as follows:

> If a borrower submits *a complete loss mitigation application* after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale,

4

> a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 CFR § 1024.41(g) (emphasis added). Subsection (b)(1) specifies what a *complete loss mitigation package* entails. And subsection (c) likewise makes clear that subsection (g) only applies where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale."

Defendants seek summary judgment, asserting that Plaintiffs haven't "alleged facts and cannot produce evidence establishing that they submitted a complete loss mitigation application more than 37 days prior to any attempted foreclosure sale." Dkt 9 at 7. Plaintiffs respond that they "were working with the servicer on a loan modification when [the property was] posted for foreclosure." Dkt 12 at 3. But they attach only a letter from Selene in October 2019 stating, "We believe you may qualify for Selene's Modification Program which will make your mortgage payments more affordable and help you keep your home." Dkt 12-1 at 3. Nothing establishes that Plaintiffs ever submitted any loan-modification materials, much less that they submitted a *complete loss mitigation application* as defined under subsection (b)(1) of 12 CFR § 1024.41.

This action is thus similar to that before the Fifth Circuit in *Gresham v Wells Fargo Bank, NA*, cited above. The plaintiff there didn't plead or offer any evidence that he submitted a complete

5

application more than 37 days before the foreclosure sale. The district court dismissed the claim with prejudice, concluding that nothing of any "factual content" supported a claim that the defendant violated dual-tracking rules. 2015 WL 1966721, *4 (ED Tex). The Fifth Circuit upheld that ruling on appeal. 642 F Appx at 359.

So, too, here. Plaintiffs haven't sponsored any evidence indicating that they submitted the requisite complete application more than 37 days before the foreclosure sale was set to occur on January 7, 2020. This means that their legal claim under 12 CFR § 1024.41 must be dismissed.

b. Claim for injunctive relief

Defendants removed this action, asserting both diversity and federal-question jurisdiction. See Dkt 1. Their briefing addresses the claim for injunctive relief on assumption that it is governed by Texas state law. Dkt 9 at 8–9. Plaintiffs don't contend otherwise. Dkt 12 at 4. Because Plaintiffs initially sought temporary injunctive relief pursuant to Texas substantive law and their original petition in state court remains the operative pleading, their claim for further injunctive relief will likewise be addressed under Texas law.

"The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Buntaru v Ford Motor Co*, 84 SW3d 198, 210 (Tex 2002), quoting *Republic Insurance Co v O'Donnell Motor Co*, 289 SW 1064, 1066 (Tex Civ App—Dallas 1926, no writ). Under Texas law, "a request for injunctive relief, absent a substantive cause of action supporting entry of judgment, is fatally defective and does not state a claim." *Ramming v JPMorgan Chase Bank, NA*, 2012 WL 1122791, *3 (SD Tex), citing *Buntaru v Ford Motor Co*, 84 SW3d 198, 210 (Tex 2002).

Plaintiffs claim for injunctive relief necessarily fails, given the conclusion as to their lone legal claim. This means that their claim for injunctive relief must be dismissed.

c. Request for declaratory relief

Defendants don't directly address Plaintiffs' request for declaratory relief in their motion. See Dkt 1-4 at 7. But the

temporary injunction issued by the state court already prevented the foreclosure sale scheduled for January 7, 2020. Dkt 1-5. That was the sole harm that the request for declaratory relief sought to prevent. Plaintiffs have since declined to file an amended complaint to further articulate or somehow extend their request for declaratory relief. As such, that request is now moot.

4. Conclusion

The motion for summary judgment by Defendants Selene Finance, LP and United States Bank Trust National Association, as owner trustee for VRMTG Asset Trust, is GRANTED. Dkt 9.

The alternative motion for judgment on the pleadings is DENIED AS MOOT.

SO ORDERED.

Signed on June 8, 2021, at Houston, Texas.

*/s/ Charles R Eskridge III*
Hon. Charles Eskridge
United States District Judge